## Commonwealth v. Bleischwitz et ux.

*Stewart Nase*, for Commonwealth; *Robert Trucksess*, for defendants.

KNIGHT, J., Jan. 24, 1930.—The defendants, alleged to be unnaturalized foreign-born residents, were charged with keeping a dog in violation of the provisions of the Act of May 24, 1923, P. L. 359. They were convicted by the justice of the peace, and Elizabeth Bleischwitz appealed to this court.

At the hearing before us on Dec. 29, 1929, the following facts were developed by the uncontradicted evidence:

The defendant, Sebastian Bleischwitz, is a foreign-born, unnaturalized resident of Pennsylvania, who has lived in Montgomery County many years.

The defendant, Elizabeth Bleischwitz, is the wife of Sebastian. She was born in Pennsylvania, of American parents, and has lived in this state since her birth. She was married to her present husband prior to the year 1907.

Some time previous to Oct. 3, 1928, Sebastian Bleischwitz purchased a dog. This dog was bought for Mrs. Bleischwitz, at her request, and she obtained a proper license in her name for the dog.

On Oct. 3, 1928, the two defendants were arrested on the charge of possessing a dog in violation of the Act of 1923, *supra*.

As the uncontradicted evidence shows that Mrs. Bleischwitz was the owner of the dog and had it in her possession, there is grave doubt as to the propriety of the conviction of her husband: Com. *v*. Gatti (No. 2), 29 Dist. R. 539; Com. *v*. Toney, 9 D. & C. 631.

However, as only the wife has appealed, the conviction of Sebastian Bleischwitz must stand.

As to the defendant, Elizabeth Bleischwitz, the theory of the Commonwealth is that she lost her American citizenship when she married an unnaturalized foreign-born husband, and, therefore, has no right to possess a dog.

Section 902 of the Act of 1923, *supra*, provides, *inter alia*, that it is unlawful for any unnaturalized foreign-born resident either to own or be possessed of a shotgun or rifle or pistol or firearm of any make or kind, or a dog of any kind. This is a criminal statute and must be strictly construed. To sustain the conviction the Commonwealth must prove that the defendant is foreign born and unnaturalized: Com. *v*. Fedyna, 25 Dist. R. 985. If we concede that Mrs. Bleischwitz lost her American citizenship when she married an unnaturalized foreigner, still the uncontradicted and undisputed fact remains that she is not foreign born. But did she lose her American citizenship when she married Sebastian Bleischwitz prior to 1907?

Under the common law, a wife did not lose her citizenship upon marriage with an alien. The general principle was laid down by Mr. Justice Story, in Shanks *v*. Dupont, 3 Pet. 242, that "marriage with an alien, whether a friend or an enemy, produces no dissolution of the native allegiance of the wife."

This doctrine of the common law has been changed by legislation. Among the Acts of Congress on the subject is that of March 2, 1907, 34 Stat. at L. 1228, the third section of which provides, *inter alia*, that "any American woman who marries a foreigner shall take the nationality of her husband." It has been held that this act does not apply to American women who marry aliens but remain in the United States after their marriage: Ciliberti's Application, 20 Dist. R. 489.

The Supreme Court of the United States, however, in Mackenzie *v*. Hare, 239 U. S. 299, held that an American woman who has married a foreigner after the passage of the Act of 1907 loses her American citizenship, regardless of whether or not it is her intention to continue to live in the United States.

We are of the opinion that the Act of 1907 does not apply to the defendant, Elizabeth Bleischwitz, because she was married to her present husband before the act was passed. The act is not made expressly retroactive, and there is nothing in it which would indicate that Congress intended it should be retroactive in scope.

"It may be conceded that a change of citizenship cannot be arbitrarily imposed, that is, imposed without the concurrence of the citizen," said the Supreme Court in Mackenzie *v*. Hare, *supra*.

Of course, the American woman who married a foreigner subsequent to the Act of 1907 voluntarily, by her act of marriage, relinquished her citizenship: Mackenzie *v*. Hare, *supra*. This cannot be said of the defendant, Elizabeth Bleischwitz, for when she married an alien the marriage carried with it as a consequence no loss of American citizenship. The exact point was decided in Doyle *v*. Town of Diana, 196 N. Y. Supp. 864, where the court held that the marriage of an American woman to a Canadian, prior to the Act of Congress of March 2, 1907, did not deprive her of her American citizenship.

The defendant, Elizabeth Bleischwitz, is an American citizen and entitled to own a dog.

It may be noted that the Act of Congress of Sept. 22, 1922, ch. 411, § 3, 42 Stat. at L. 1021, provides as follows: "A woman citizen of the United States shall not cease to be a citizen of the United States by reason of her marriage after the passage of this act unless she makes a formal renunciation of her citizenship before a court having jurisdiction over naturalization of aliens."

This act does not apply to Mrs. Bleischwitz, because she was married previous to its passage and previous to the Act of 1907, but it is cited to show that Congress has returned to the common law rule.

The Act of 1922, *supra*, contains a proviso that any woman citizen who marries an alien ineligible to citizenship shall cease to be a citizen of the United States.

It appears that Sebastian Bleischwitz has been refused naturalization because he cannot produce a certificate of his arrival in the United States.

Some point was made at the hearing that Sebastian was ineligible to citizenship, and, therefore, his wife lost her citizenship under the provision of the Act of 1922 by her marriage to him. There is no merit in this contention. In the first place, as we have shown, the Act of 1922 does not apply to Elizabeth Bleischwitz. In the second place, Sebastian Bleischwitz is not ineligible to citizenship in the United States as that term is used in the Act of 1922.

From the foregoing discussion it follows that the defendant, Elizabeth Bleischwitz, must be found not guilty, (a) because the Commonwealth has failed to prove that she was foreign born, which is an essential element of the offense with which she is charged; (b) because she never lost her American citizenship, and, hence, may lawfully own and possess a dog.

And now, Jan. 24, 1930, the defendant is found not guilty. The costs are placed on the county.

From Aaron S. Swartz, Jr., Norristown, Pa.